**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Elias VELGARA–CHAVEZ,**
**Defendant—Appellant.**

No. 08–10299.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2009.

Filed Sept. 23, 2009.

Randall M. Howe, Esquire, Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Before: SCHROEDER, REINHARDT and HAWKINS, Circuit Judges.

MEMORANDUM *

Elias Velgara–Chavez appeals his conviction for attempted illegal reentry after deportation in violation of 8 U.S.C. § 1326(a), with a sentence enhancement pursuant to § 1326(b)(2), and challenges his 51–month sentence as substantively

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and procedurally unreasonable. We affirm.

■ Velgara–Chavez contends that there was insufficient evidence that he had the specific intent to reenter the United States without the Attorney General's consent. *See United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1196 (9th Cir.2000) (en banc) (holding that specific intent is an element of attempted illegal reentry).

We disagree. Most significantly, the government presented evidence that Velgara–Chavez admitted in a sworn statement that he attempted to enter the United States illegally. Additionally, the government offered evidence that two weeks prior to Velgara–Chavez's attempted reentry, Immigration and Customs Enforcement deported Velgara–Chavez and informed him that if he attempted to return to the United States without the Attorney General's consent, he would be subject to prosecution for a felony.

■ Velgara–Chavez also challenges his sentence. He first asserts that the district court committed procedural error by failing to consider the nature and circumstances of his offense. *See* 18 U.S.C. § 3553(a)(1). The record shows the contrary.

Velgara–Chavez next contends that his sentence is substantively unreasonable because it over-emphasizes his criminal history and fails to reflect the innocuous way in which he committed his offense. Given the totality of the circumstances, including Velgara–Chavez's significant criminal history, we cannot conclude that a 51–month sentence is unreasonable.

AFFIRMED.